IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TERRANCE DALE WORTH                                          PLAINTIFF

v.                          Civil No. 1:24-cv-01071-SOH-BAB

GEAN SIEGER                                                 DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's failure to prosecute.  Pursuant to the provisions of 28 U.S.C.

§ 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, Chief United States District Judge,

referred this case to the undersigned for the purpose of making a Report and Recommendation.

## I.    BACKGROUND

Plaintiff, Terrance Dale Worth, originally submitted this 42 U.S.C. 1983 action *pro se*

along with an Application to proceed *in forma pauperis* ("IFP") on September 13, 2024 in the

Eastern District of Arkansas.  (ECF No. 1-2).  The Eastern District transferred the case to this

Court on October 9, 2024.  (ECF No. 3).  The Court granted Plaintiff IFP status on October 16,

2024.  In this Order, Plaintiff was specifically advised:

> **Plaintiff is advised that he is required to immediately inform the Court of any change
> of address.  If Plaintiff is transferred to another jail or prison or released, he shall
> have 30 days from the date of transfer or release in which to notify the Court of his
> new address** . . . **The case will be subject to dismissal if Plaintiff fails to inform the
> Court of an address change.**

(ECF No. 7) (emphasis in original).

On November 25, 2024, Defendant filed a Motion to Dismiss pursuant Local Rule 5.5(c)(2)

due to returned mail.  (ECF No. 15).  The Court mooted the Motion to Dismiss on January 3, 2025,

1

because Plaintiff's address of record was an incorrect address inadvertently entered by the Clerk's Office.  Plaintiff was at no fault for such inaccuracy and all returned mail was resent to the address indicated on Plaintiff's Complaint.  (ECF No. 19).  This Order and all resent mail were not returned as undeliverable.

The Court also received a Motion for Injunction filed by Plaintiff on January 21, 2025, sent from his current address of record at the Columbia County Detention Center.  (ECF No. 21).  However, the Court's Order ruling on Plaintiff's Motion for Injunction sent to Columbia County Detention Center was returned as undeliverable mail on March 11, 2025.  (ECF No. 23).  Plaintiff was provided thirty (30) days to contact the Court with his new address, but he has failed to do so.

All mail sent to Plaintiff at the Columbia County Detention Center since March 11, 2025, has been returned as undeliverable.  (ECF Nos. 26, 29).

## II.    DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the

district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified.  FED. R. CIV. P. 41(b); *Brown*, 806 F.2d at 803.  In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice.  *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted).  In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint.  [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court.  However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has failed to prosecute this case and comply with the Court's Orders to keep his address up to date.  However, the Court cannot determine Plaintiff's failure is willful warranting dismissal with prejudice.  Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice here.

## III.    CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court hereby recommends Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE**.

**<u>REFERRAL STATUS: The referral in this case shall be terminated.</u>**

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

DATED this 13th day of May 2025.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE